# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN SCHAEFER )
) No. 16-76
)
   v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, alleging disability due to physical and mental impairments. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains

1

substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or reweigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

**II. PLAINTIFF'S MOTION**

Plaintiff argues that the ALJ improperly disregarded the opinion of treating and examining medical providers. In particular, he points to the ALJ's treatment of his treating therapist and supervising psychiatrist of over a year and a half; and to the ALJ's treatment of the opinion of

2

Dr. Uran, an agency examiner. Further, he argues that the residual functional capacity ("RFC") assessment was not supported by substantial evidence; and that the ALJ improperly dealt with vocational expert ("VE") testimony and Plaintiff's subjective complaints.

**A. Dr. Uran and Ms. Loper**

Dr. Uran opined that Plaintiff had marked limitations interacting appropriately with supervisors, co-workers, and the public, and responding appropriately to work pressures and changes in routine. The space left for supporting medical/clinical findings was left blank. In support of her finding of marked limitations on carrying out, understanding, and remembering detailed instructions, she listed mood instability, poor insight, anxiety, delusions, paranoia, "attention," and "learning." These functional limitations are not specifically addressed in the attached narrative, in which Dr. Uran assigned him a GAF of 45, and noted scattered responses and over-productive speech, but appropriate social judgment. The ALJ gave little weight to Dr. Uran's opinion, on grounds that Dr. Uran appeared to have accepted Plaintiff's subjective complaints in full; he also noted that Plaintiff was not medicated at the time of the exam, but had reported good results with medication.

As regards the opinion of Ms. Loper, which was co-signed by supervising psychiatrist Dr. Hanlin, the ALJ gave the opinion little weight. Ms. Loper opined that Plaintiff had poor to no ability to maintain attention for two hours, attend work regularly, perform at a consistent pace, and complete a normal workday. As support for these conclusions, she noted missed appointments, medication noncompliance, irritability with family, non-compliance with OSA, and inability to stay on topic during session.

The ALJ noted that Ms. Loper is not an acceptable medical source, and that the opinion was internally inconsistent with her note that Plaintiff responded well to medication, as well as

with Plaintiff's GAF of 70, noted as current and highest past score. He further noted that Plaintiff testified that Dr. Hanlin never examined or treated him. This approach to a supervising psychiatrist is acceptable. Abar v. Colvin, 2016 U.S. Dist. LEXIS 43205 (N.D.N.Y Mar. 31, 2016); see also Jerome v. Colvin, 2015 U.S. Dist. LEXIS 67216 (W.D. Wash. May 21, 2015). Absent evidence of a doctor-patient relationship, the fact that a psychiatrist is supervising does not, on its own, mandate treatment of the "treating physician" rule. Camarata v. Colvin, 2015 U.S. Dist. LEXIS 98743 (N.D.N.Y July 29, 2015). Similarly, an ALJ is entitled to give a non-acceptable medical source little weight. See Emery v. Colvin, 2015 U.S. Dist. LEXIS 105741 (E.D. Pa. Aug. 11, 2015)

> The rationale for giving the opinion of a treating physician extra weight is based upon the unique position "resulting from the continuity of treatment he provides and the doctor/patient relationship he develops [that] place him in a unique position to make a complete and accurate diagnosis of his patient."

Petrie v. Astrue, 412 F. Appx. 401, 407 (2d Cir. 2011).

Contrary to Plaintiff's suggestion, the ALJ's opinion does not suggest that he substituted his own medical judgment for that of uncontroverted medical evidence. The ALJ considered various factors, weighed the evidence, and adequately explained the bases for his treatment of Dr. Uran's and Ms. Loper's opinions. That other evidence exists in the record to support disability is not dispositive, under the standards of review to which I am bound.

**B. Residual Functional Capacity**

Plaintiff further argues that the RFC lacks substantial evidence, as there is no evidence indicating that Plaintiff can perform the mental or physical requirements listed therein. The ALJ found an RFC of light work, along with the following limitations:

…claimant is limited to occasional climbing (ramps and stairs only) balancing, stooping, crouching, crawling, and kneeling; limited to simple, routine, repetitive tasks that re not

performed in a fast-paced production environment and involving only simple, work-related decisions and, in general, relatively few work place changes; and no more than occasional supervision or occasional interaction with coworkers."

Plaintiff specifically argues that record evidence, including reports from Dr. Uran and PBS Mental Health Associates, indicate that Plaintiff is unable to deal with elements such as social functioning, work pressures and changes, or attendance. He further contends that the ALJ failed to include limitations relating to Plaintiff's neck, mid-back, shoulder and arm; seizures, syncopal episodes, states of confusion, memory impairments, and limited intellectual functioning. He also contends that his need for a cane and inability to stand, walk, sit, and lift would preclude light work. Again, applicable standards do not permit me to re-weigh the evidence. The issue is not whether evidence exists to support Plaintiff's position, but instead whether the ALJ's decision is properly supported. Here, I find no error in the ALJ's RFC.

### C. Remaining Arguments

Finally, Plaintiff contends that the ALJ relied on an incomplete hypothetical question, and erred in evaluating Plaintiff's subjective complaints. With respect to the VE, Plaintiff's argument is cursory and undeveloped, and will be rejected. Regarding the ALJ's treatment of his subjective complaints, the ALJ's conclusions are entitled to great deference and should not be discarded lightly. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003). The ALJ explained his reasoning, including that the medical records were not supportive of Plaintiff's complaints. Under the circumstances, the ALJ's decision is sufficient.

### CONCLUSION

In sum, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

5

**ORDER**

AND NOW, this 10th day of February, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court